STEVEN G. KALAR
Federal Public Defender
GALIA A. PHILLIPS
Assistant Federal Public Defender
450 Golden Gate Ave, 19-6884
San Francisco, CA 94102
Telephone: (415) 436-7700

Attorney for Defendant
GEORGE MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 14-CR-0212 WHO |
|---|---|
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM OF GEORGE MOORE** |
| GEORGE MOORE, | Date: October 9, 2014 |
| Defendant. | Time: 1:30 p.m.<br>Judge: Judge Orrick |

## I.   INTRODUCTION

Mr. Moore is a stark example of the fact that a person is more than the worst thing he has done. Mr. Moore is facing a very lengthy prison sentence for selling an admittedly large amount of narcotics. But as shown by the letters sent to the Court on his behalf, he is also a devoted father who has played a vital, loving role in his children's lives. And though the 100 month sentence recommended by the parties and probation requires a downward variance from the guidelines, it is still a very long term of imprisonment for Mr. Moore – whose longest period of incarceration until now was two years.[1]

There are ample reasons for the Court to follow the parties' and probations recommendation and impose a sentence of 100 months: Mr. Moore's early acceptance of responsibility; his difficult childhood and the murder of his mother when he was twenty years old; his alcohol addiction which has largely gone untreated; his positive role in his children's lives; the fact that his guidelines are increased by 10 months for a misdemeanor for which he received only four days in jail; the expected reduction in the guidelines for controlled substance offenses; and the fact that even with the reduction in the guidelines, Mr. More is still facing a sentence substantially higher than he would if he had been charged in state court.

## II.   THE CRIME

As reflected in the plea agreement, Mr. Moore possessed both powder cocaine and cocaine base with intent to sell. He also possessed a firearm after having been convicted of a felony.

## III.   ACCEPTANCE OF RESPONSIBILITY

The parties and probation agree that Mr. Moore should get a three-point reduction for acceptance of responsibility. As explained by the probation officer, Mr. Moore acknowledged

---

[1] Mr. Moore was sentenced to four years for his 2005 prior Alameda County conviction, but served half that sentence pursuant to Penal Code § 4019.

1

that he sold drugs and expressed remorse for hurting innocent people by "putting drugs on the street." PSR, Addendum at 2.

### IV.   THE LIFE OF GEORGE MOORE

Mr. Moore grew up in Berkeley, CA. His mother was addicted to drugs and the Moore family lived in poverty. Despite his difficult childhood, Mr. Moore graduated from high school and planned to be an X-Ray technician. He was taking classes at College of Alameda when his mother was murdered. Mr. Moore was twenty years old at the time. Mr. Moore never received counseling for his loss and did not cope well. It was during this difficult time that Mr. Moore dropped out of school and his alcohol addiction began. PSR, ¶¶ 92-102.

Despite his addiction, Mr. Moore has been a loving father to not only his biological children but to two step-children he has helped raise. The letters submitted on Mr. Moore's behalf, attached to the PSR, all attest to his devotion to his children; his consistent, substantial presence in their lives; and their success.

### V.   AN APPROPRIATE SENTENCE

The Court has discretion in setting Mr. Moore's sentence pursuant to 18 U.S.C. § 3553(a). The overarching principle is that the Court "shall impose a sentence sufficient, but not greater than necessary" to meet the goals of sentencing. 18 U.S.C. § 3553(a); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). For the reasons set forth below, a sentence of 100 months is sufficient, but not greater than necessary, to comply with 18 U.S.C. §3553.

As an initial matter, Mr. Moore agrees with the offense guideline calculations in the PSR as long as the anticipated reduction in the drug offense guidelines is taken into account as a downward variance. PSR, ¶ 3. Mr. Moore notes his concern that his criminal history score is overstated and he should be considered a Category V, not a Category VI. Mr. Moore is pushed into Category VI, and his guideline sentence thus increased by 10 months, by his one-point misdemeanor, described in paragraph 50, for which he received four days in jail. Because the

2

parties and probation are in agreement that regardless of his criminal history category, Mr. Moore should receive a downward variance to 100 months, the Court need not resolve this objection if the Court accepts the plea agreement and finds a downward variance appropriate for the factors discussed below.

**A.    The History and Characteristics of Mr. Moore:  Mr. Moore's childhood abuse, disadvantaged childhood, and sincere remorse merit leniency.**

The following factors warrant a downward variance to 100 months:

- Mr. Moore's disadvantaged childhood. *United States v. Santa,* 2008 WL 2065560 (E.D.N.Y.  2008) (court imposed 120 months as a variance from 262-327 guideline range based in part on difficult childhood).

- The physical abuse he suffered from his mother. *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (finding that district court based sentence on §3553(a) factors including physical abuse defendant suffered by uncle).

- The effect of his mother's drug abuse on Mr. Moore as a child. *United States v. Ruis,* 2009 WL 636543 (SDNY. March 11, 2009) (judge imposed 96 months rather than guideline range of 140-175 months for defendant's difficult childhood with abusive mother and largely absent father).

- The trauma he suffered as a young man when his mother was murdered. *United States v. Hubbard,* 369 F.Supp.2d 146 (D. Mass. 2005) (imposing lower sentence based on childhood trauma including, in part, death of sibling in a fire).

- Mr. Moore's dedication to and caretaking of his family. *United States v. Owens,* 145 F.3d 923 (7th Cir. 1998) (departure for defendant who maintained good relationship with his children and his active role raising and supporting his family was atypical for crack dealer);

- Mr. Moore's age (Mr. Moore is 42 years old). *See United States v. Hodges,* 2009 WL 366231 (EDNY. Feb. 12, 2009) (relying on lower risk of recidivism for older defendants when sentencing 43 year old defendant).

- Mr. Moore's sincere acceptance of responsibility. *United States v. Pauley,* 511 F.3d 468 (4th Cir. 2007) (36-month downward variance warranted in child pornography case where, among other things, defendant was deeply remorseful).

Mr. Moore also notes that the Court should take into account that though Mr. Moore needs treatment for his alcohol addiction, and is eligible for the RDAP program, because of the 922g conviction, even if Mr. More successfully completes the RDAP program, he is not able to receive any time off his sentence. 18 U.S.C. § 3621(e).

**B.      Fairness in Sentencing Requires a Downward Variance**

Had Mr. Moore been charged in state court, he would have faced imprisonment for far shorter than 100 months. Cal. Health and Safety Code §11352 and Penal Code § 1170(h) provide for a sentence of 16 months, 2 years or 3 years for someone who sells powder cocaine or cocaine base. However, Mr. Moore would also be eligible for a suspended sentence and any term of incarceration would be served in the county jail. Penal Code §§ 1170(h)(4) and (5)(B). Even if the state judge imposed incarceration, under Penal Code § 4019, Mr. Moore would serve only half the sentence. And while it is possible Mr. Moore could be subject to a three-year enhancement under Penal Code § 11370.2 for his 2007 drug trafficking conviction, and four one-year enhancements for his prior felonies under Penal Code § 667.5(b), even if he received all the enhancements, he would still serve less time than 100 months. It is very unlikely that the state judge would impose the upper term of 3 years (and perhaps not even legally permissible to do so, *see* Cal. Rules of Ct. 4.421), but regardless, even the worst-case scenario in state court - in the improbable event that Mr. Moore received all enhancements and the upper term - results in time served of 60 months.

## C. The Kinds of Sentences Available

Mr. Moore respectfully requests that the Court recommend that he be designated to the FCI Lompoc so that he may be close to his family and attend Lompoc's vocation programs.

## VI. CONCLUSION

For the foregoing reasons, Mr. Moore respectfully requests a sentence of 100 months and a recommendation that he be housed at FCI Lompoc.

Dated: October 2, 2014         By: */s/ Galia Amram Phillips*
                                    GALIA A. PHILLIPS
                                    Attorney for Defendant